IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANYELLE EVANS** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:24-cv-304-HSO-BWR** |
| § | | |
| § | | |
| **ENGLUND EQUIPMENT** § | | |
| **COMPANY, et al.** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS ENGLUND EQUIPMENT COMPANY AND SHANNON BLACK'S MOTION [34] FOR JUDGMENT ON THE PLEADINGS

In this truck-accident negligence case, Defendants Englund Equipment Company ("Englund") and Shannon Black ("Black")'s Motion [34] for Judgment on the Pleadings seeks dismissal of Plaintiff Danyelle Evans's ("Plaintiff" or "Evans") independent claims of negligence against Englund and her claims for punitive damages. Because Englund has admitted vicarious liability for Black's negligence and the Amended Complaint [5] fails to state a claim justifying the award of punitive damages, the Court finds that Defendants' Motion [34] should be granted. Plaintiff's independent negligence claims against Englund and her claims for punitive damages will be dismissed with prejudice.

I. BACKGROUND

A.  Factual Background

According to the Amended Complaint [5], Englund is a full-service transportation company which provides various logistical services and operates as an interstate motor carrier registered with the Federal Motor Carrier Safety

Administration, *see* Am. Compl. [5] at 3, and it hired Black to operate one of its tractor-trailers. On March 28, 2022, Black was operating a "Western Star semi-truck and trailer bearing license plate number AL20401," *id.* at 5, when she allegedly crashed into the rear of Plaintiff's vehicle, causing her injury, *see id.* at 6-11. Plaintiff had been travelling westbound on Interstate 10 in D'Iberville, Mississippi when traffic in front of her came to a complete stop. *See id.* at 6. She alleges that "Black, operating Englund's tractor-trailer, ran into the rear of [her] vehicle." *Id.*

B.   Procedural History

Plaintiff filed suit in this Court on October 3, 2024, claiming that: (1) "Black was negligent and grossly negligent in operation, control, and maintenance of the tractor-trailer she was driving on behalf of Englund," *id.* at 6-7; (2) Englund negligently violated various provisions of the Federal Motor Carrier Safety Act ("FMCSA"), *id.* at 7-8; (3) Englund was negligent and grossly negligent in hiring and training Black, including by failing to adequately train her on Federal Motor Carrier Safety Regulations ("FMSCR"), *id.* at 9; and (4) Englund was negligent and grossly negligent in supervising Black, *id.* Plaintiff asserts that because "Black was in the employ of, or was the agent of [Englund], and was operating her employer's . . . tractor-trailer within the scope of her employment and agency," *id.* at 10, "[u]nder the Doctrine of *Respondeat Superior*, [the Defendants] are jointly and severally liable to the Plaintiff for all damages recoverable under law, caused by their employee, Defendant Black," *id.*

2

Englund filed an Answer [8] to the Amended Complaint [5] on October 31, 2024, followed by Black a week later. *See* Answers [8] & [10]. Englund and Black each admit the allegations listed in paragraph 46 of the Amended Complaint [5], namely that "Defendant Black was in the employ of, or was the agent of Defendant, Englund, [sic] and was operating her employers' or principals' [sic] tractor-trailer within the scope of her employment or agency." Am. Compl. [5] at 10; *see also* Answer [8] at 4; Answer [10] at 4.

In its present Motion [34] for Judgment on the Pleadings, Englund argues that "Plaintiff's claims against [Englund] for acts of independent negligence and . . . Plaintiff's claims for punitive damages" should be dismissed. Mot. [34] at 1. This is because "Englund has admitted that Black was acting within the course and scope of her employment at the time of the accident, and therefore (pursuant to Mississippi law) Englund would be vicariously liable for any act of simple negligence committed by Black related to the subject accident." Mem. [35] at 1. According to Defendants, "Plaintiff's claims against [Englund] related to negligent supervision/entrustment, negligent hiring, negligent training, and any other independent, non-respondeat superior claims are superfluous and should be dismissed with prejudice." *Id.* Additionally, Defendants maintain that "Evans has failed to allege any facts to support a claim for punitive damages against either Black or Englund," and that these claims should also be dismissed with prejudice. *Id.* at 2.

3

Plaintiff responds that she must be permitted to proceed against Englund under a negligence theory because Mississippi's comparative fault statute, Miss. Code Ann. § 85-5-7(5), "mandates that a comparative negligence analysis be applied in all civil actions involving joint tortfeasors." Mem. [38] at 4. Plaintiff further asserts that although "Defendant argues that this Court must dismiss Plaintiff's negligence claims against Englund because Mississippi does not recognize an independent negligence claim when an employer admits vicarious liability . . . . [i]n point of fact, Englund has not admitted vicarious liability." *Id.* at 6 (emphasis in original). That is because, in its Answer [8], Englund denied Plaintiff's allegation that "[b]ased on information and belief . . . Shannon Black[] was an agent or employee of Defendants, Englund and/or John or Jane Does 1-5." *See id.*; *see also* Am. Compl. [5] at 2. Plaintiff concludes that, accepting her well pleaded facts as true, "Englund acted with gross negligence which evidences a willful, [sic] wanton or reckless disregard for the safety of others," justifying an award of punitive damages. *See id.* at 15 (citing Miss. Code Ann. § 11-1-65(1)(a)).

In Reply, Defendants argue that in Mississippi, "once an employer admits vicarious liability for the negligent actions of an employee, the plaintiff's direct-liability claims against the employer merge with the claims against the employee, and there is no basis for allowing the plaintiff to proceed in the direct-liability claims." Mem. [39] at 2. They also assert that Plaintiff misunderstands Miss. Code Ann. § 85-5-7, because the statute requires that "[i]n assessing percentages of fault an employer and the employer's employee or a principal and the principal's agent

4

*shall be considered as one (1) defendant when the liability of such employer or principal has been caused by the wrongful or negligent act or omission of the employee or agent.*" *Id.* at 4 (quoting Miss. Code Ann. § 85-5-7(2)) (emphasis in original). Thus, according to Defendants, dismissal of Plaintiff's independent liability claims would not conflict with the statute. *See id.* at 5.

## II. DISCUSSION

A.  Relevant Legal Standards

1.  Federal Rule of Civil Procedure 12(c)

A motion under Federal Rule of Civil Procedure 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (citation omitted). "In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to the contents of the pleadings, including attachments thereto." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (quotations and citations omitted).

To decide a Rule 12(c) motion, a court applies the same standard as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)). A claim must provide "more than labels and conclusions, and a

5

formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the claimant, *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014), a claimant must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

2.  <u>Relevant Mississippi Law</u>

Because subject-matter jurisdiction in this case is premised upon diversity of citizenship, the Court applies Mississippi substantive law. *See Compliance Source, Inc. v. GreenPoint Mortg. Funding, Inc.*, 624 F.3d 252, 259 (5th Cir. 2010); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Under the *Erie* doctrine, the Court must

> examine Mississippi law to determine whether any final decisions of the Mississippi Supreme Court are dispositive. If there is no apposite decision, this court must forecast how the Mississippi Supreme Court would rule. This prediction may be based on Mississippi case law, dicta, general rules on the issue, decisions of other states, and secondary sources. If there is no evidence to the contrary, this court will presume a Mississippi court would adopt the prevailing rule if the case was before it.

*Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 392 (5th Cir. 2009) (quotations and citations omitted). The "task is to attempt to predict state law, not to create or modify it." *Keen v. Miller Env't Grp., Inc.*, 702 F.3d 239, 243 (5th Cir. 2012) (quotation omitted). "In making an *Erie* guess, [federal courts] defer to intermediate state appellate court decisions, 'unless convinced by other persuasive

data that the highest court of the state would decide otherwise.'" *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (quoting *Hermann Holdings Ltd. v. Lucent Tech., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).

B.  Analysis

1.  Independent Negligence Claims Against Englund

Englund contends that Plaintiff's independent negligence claims against it should be dismissed because it has admitted vicarious liability for Black's actions. *See* Mem. [35] at 3. As a threshold matter, the Court must decide whether Englund has, as it claims, actually admitted vicarious liability, a point Plaintiff disputes. *See* Mem. [38] at 6 ("In point of fact, Englund has not admitted vicarious liability." (emphasis in original)).

Plaintiff bases her assertion on one paragraph of Englund's Answer [8]. *Id.* Paragraph seven of the Amended Complaint [5] alleges that

> Based on information and belief, at all relevant times herein, Shannon Black, [sic] was an agent or employee of Defendants, Englund and/or John or Jane Does 1-5. Further, Shannon Black was working for and/or on behalf of the Defendants when this wreck occurred. Upon information and belief, Defendants Englund and/or John or Jane Does 1-5 employed and/or directed and controlled the work and movements of Defendant Black.

Am. Compl. [5] at 2. In its Answer [8], Englund states "Englund admits that Shannon Black was employed by Englund. All other allegations in paragraph 7 are denied." Answer [8] at 2. According to Plaintiff, this means Englund has not actually conceded vicarious liability. *See* Mem. [38] at 6.

7

But in briefing on this Motion [34], Englund repeatedly acknowledges its vicarious liability for Black's actions at the time of the collision. *See, e.g.*, Mem. [35] at 1 ("Englund has admitted that Black was acting within the course and scope of her employment at the time of the accident, and therefore (pursuant to Mississippi law) Englund would be vicariously liable for any act of simple negligence committed by Black related to the subject accident."); Mem. [39] at 7 ("Nonetheless, Englund and Black admitted that Black was an employee of Englund at the time of the accident . . . and the doctrines of respondeat superior and vicarious liability apply by operation of Mississippi law."). And elsewhere in its Answer [8], Englund admits that "[o]n March 28, 2022, the Defendant Black was in the employ of, or was the agent of Defendant, Englund, [sic] and was operating her employers' or principals' [sic] tractor-trailer within the scope of her employment or agency." Answer [8] at 4; Am. Compl. [5] at 10. Black makes the same admission in her Answer [10]. *See* Answer [10] at 4. On the whole, this is sufficient to operate as an admission of vicarious liability under Mississippi law. *See Children's Med. Grp. P.A. v. Phillips*, 940 So. 2d 931, 935 (Miss. 2006) ("Under the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master's business."); *see also ExxonMobil Corp. v. Elec. Reliability Servs., Inc.*, 868 F.3d 408, 422 n.4 (5th Cir. 2017) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them . . . ." (quoting *Martinez v. Bally's La. Inc.*, 244 F.3d 474, 476 (5th Cir. 2001))).

Having resolved that Englund has admitted vicarious liability for Black's actions, the Court turns to whether, under Mississippi law, Plaintiff's independent negligence claims against Englund—for negligent hiring, training, and supervision—are subject to dismissal. The Court first notes that neither party has cited to any pronouncement of the Mississippi Supreme Court on the issue of whether an employer who admits or stipulates to vicarious liability is entitled to a dismissal of direct negligence claims against it, nor has the Court located any such pronouncement. *See, e.g., Thompson v. Intermodal Cartage Co., LLC*, No. 2:24-cv-34-KS-MTP, 2025 WL 699355, at *3 (S.D. Miss. Mar. 4, 2025) ("Surprisingly, after all this time, there has yet to be a pronouncement from the Mississippi Supreme Court on the issue of whether an employer who admits or stipulates to vicarious liability is entitled to a dismissal of direct negligence claims asserted against it."). Therefore, the Court must make an *Erie* guess on this issue. *See Paz*, 555 F.3d at 392.

The Court notes that other courts in Mississippi, including this Court, have concluded over several decades that when an employer admits vicarious liability, direct negligence claims for negligent hiring, training, supervision, retention, and entrustment asserted against the employer merge with a plaintiff's claims against the employee. *See Carothers v. City of Water Valley*, 242 So. 3d 138, 144-45 (Miss. Ct. App. 2017), *cert. denied*, 246 So. 3d 67 (Miss. 2018) (holding that "dismissal of the direct-liability claims . . . was proper. The City admitted vicarious liability. Thus, there was no need to show that it was negligent in hiring, training, retaining,

9

or entrusting Officer Jackson" (citing *Davis v. ROCOR Int'l,* No. 3:00-cv-864, 2001 U.S. Dist. LEXIS 26216, at *17-25 (S.D. Miss. Dec. 19, 2001)); *Taylor v. Johnson*, 395 So. 3d 402, 408 (Miss. Ct. App. 2024) ("As for the order granting summary judgment as to Taylor's direct-liability claims against Dart, partial summary judgment was appropriate because Dart had admitted that Johnson was acting within the course and scope of his employment with Dart." (citing *Carothers*, 242 So. 3d at 144-45)); *Thompson*, 2025 WL 699355, at *3 ("It is true that for decades, federal district courts in Mississippi, including this Court, have consistently dismissed direct, simple negligence claims against an employer who admits vicarious liability, and more specifically, claims of negligent hiring, supervision, and retention and negligent entrustment by making *Erie* guesses." (collecting cases)).

In the absence of any pronouncement from the Mississippi Supreme Court, this Court will defer to the Mississippi Court of Appeals on this issue. *See Mem'l Hermann Healthcare Sys. Inc.*, 524 F.3d at 678 (5th Cir. 2008) ("In making an *Erie* guess, [federal courts] defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise." (quotation omitted)). Englund has admitted vicarious liability. Therefore, under Mississippi law there is "no basis for allowing the [P]laintiff[] to proceed on the direct-liability claims." *Carothers*, 242 So. 3d at 144. Plaintiff's direct negligence claims against Englund should therefore be dismissed with prejudice. That includes Plaintiff's claims against Englund for negligence and negligence per se for alleged violations of the FMSCR. *See Thompson*, 2025 WL

10

699355, at *6 ("With these things in mind, the Court finds that based on Mississippi law as it exists, all direct, simple negligence claims against IMC, even those based on violations of the FMCSR, shall be dismissed."); *Harris v. MVT Servs., Inc.*, No. 1:06-cv-251-LG-RHW, 2007 WL 2609780, at *1 (S.D. Miss. Sept. 5, 2007) ("In this case, it is unnecessary to examine whether Defendant's alleged violations of the FMCSR constitute negligence per se.  The negligence claims against the Defendant should be dismissed because Defendant MVT has admitted the negligence of its employee and has admitted its own vicarious liability for its employee's negligence.").

2. <u>Claims for Punitive Damages</u>

Plaintiff seeks an award of punitive damages.  Under Mississippi law, punitive damages may be awarded only if the claimant proves by clear and convincing evidence that a defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a).  To recover punitive damages, "[t]he defendant's conduct must include 'some element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others.'" *Gaddis v. Hegler*, No. 3:10-cv-249-CWR-LRA, 2011 WL 2111801, at *4 (S.D. Miss. May 26, 2011) (quoting *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006)).  According to the Mississippi Supreme Court, "[g]ross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid

11

them." *In re Guardianship of Duckett*, 991 So. 2d 1165, 1176 (Miss. 2008) (quoting *Dame v. Estes*, 101 So. 2d 644, 645 (1958)).

"[W]anton conduct has been defined to include an intentional act of unreasonable character and the reckless disregard of known or obvious risks that are so great as to make it highly probable that harm will follow." *Curd v. Western Exp., Inc.*, No. 1:09-cv-61-LG-RHW, 2010 WL 4537936, at *3 (S.D. Miss. Nov. 2, 2010) (citing *Pigford v. Jackson Pub. Sch. Dist.*, 910 So. 2d 575, 579 (Miss. Ct. App. 2005)). "[Willful and wanton conduct] usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow." *Pigford*, 910 So. 2d at 579 (quoting *Maldonado v. Kelly*, 768 So. 2d 906, 910 (Miss. 2000)). On the other hand, "simple negligence is not of itself evidence sufficient to support punitive damages[.]" *Id.* (quoting *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002)). "[P]unitive damages are to be assessed only in extreme cases, and since they are intended as an example and warning to others, they should be allowed only with caution and within narrow limits." *Dawson v. Burnette*, 650 F. Supp. 2d 583, 584 (S.D. Miss. 2009) (quoting *Wallace v. Thornton*, 672 So. 2d 724, 728 (Miss. 1996)).

Even accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Amended Complaint [5] fails to state a claim that would justify an award of punitive damages. Plaintiff alleges that, among other things, Englund failed to: investigate Black's driving history or properly supervise her as a driver; comply with various FMSCR's; maintain sleep records or historical

inspection records for Black; and monitor Black's roadside inspections and citations for FMSCR violations. *See* Am. Compl. [5] at 7-9. And Plaintiff alleges that Black failed to exercise reasonable care in operating the tractor-trailer, violated traffic laws, and failed to comply with several FMSCR's. *See id.* at 7. While Plaintiff has stated a claim for simple negligence, the foregoing allegations are insufficient to indicate an "element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others" necessary to plausibly state a claim for punitive damages. *Gaddis*, 2011 WL 2111801, at *4 (quoting *Bradfield*, 936 So. 2d at 936).

In the Court's view, none of these factual assertions evidence the type of "reckless indifference to consequences" typical of gross negligence, *see In re Guardianship of Duckett*, 991 So. 2d at 1176, nor do they indicate "an intentional act of unreasonable character and the reckless disregard of known or obvious risks that are so great as to make it highly probable that harm will follow," *Curd*, 2010 WL 4537936, at *3 (citing *Pigford*, 910 So. 2d at 579). In other words, even assuming the truth of Plaintiff's assertions, her factual allegations are insufficient to establish this as the sort of "extreme case" which justifies an award of punitive damages. *See Dawson*, 650 F. Supp. 2d at 584 (quoting *Wallace*, 672 So. 2d at 728). Plaintiff's claims for punitive damages should be dismissed with prejudice.[1]

---

[1] To the extent that any of Plaintiff's punitive damages claims against Englund arise under vicarious liability, "such damages are not available under Mississippi law—'punitive damages are not available in Mississippi on the basis of vicarious liability.'" *Lee v. Goodlin*, No. 3:18-cv-124, 2019 WL 2492282, at *4 (N.D. Miss. June 14, 2019) (quoting *Bell v. Coleman*, No. 4:17-cv-47-SA-JMV, 2018 WL 3118614, at *4 (N.D. Miss. June 25, 2018)); *see also Thompson*, 2025 WL 699355, at *6 ("The

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Englund Equipment Company and Shannon Black's Motion [34] for Judgment on the Pleadings is **GRANTED**.  Plaintiff Danyelle Evans's independent claims of negligence against Defendant Englund Equipment Company and her claims for punitive damages are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 30th day of July, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

---

Court agrees that punitive damages cannot be based on vicarious liability, as that is the courts' consensus in this district." (collecting cases)).